WESTERN DIST.
October, 1839.

FORT
vs.
CORTES AND
LAPLACE.

it is an action to recover property *under a title*, and not a partition, and the Probate Court is without jurisdiction.

---

FORT *vs.* CORTES AND LAPLACE.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE DISTRICT PRESIDING.

Where a note is made payable at a particular place, payment must be demanded *there*, before a recovery can be had against the sureties in the note.

It is not sufficient to show that the sureties had no funds in the place of payment to meet the note at maturity, in order to charge them; for it was incumbent on the maker of the note, *not on them*, to provide funds at its maturity.

The sureties in a note may oppose to the action all the exceptions allowed to the maker, and which are inherent to the debt.

This is an action against the defendants, who signed a promissory note with one William Harkins as his sureties, payable "at the counting-house of Messrs. Robbins & Painter, of New-York." The defendants pleaded a general denial, only admitting their signatures as security for Harkins.

WESTERN DIST.
October, 1839.

FORT
vs.
CORTES AND
LAPLACE.

There was no proof of a demand of payment at the place designated in the note, although it was alleged in a supplemental petition. A bill of exceptions was taken to the decision of the court, allowing proof of demand made on the defendants.

The following interrogatory was propounded to the defendants, which was ordered to be answered in open court, but was not:

"Had you any funds, at the maturity of the note sued on, in this case, in the house of Robbins & Painter, of New-York; and if you had, were there funds of yours sufficient to meet said note?"

This interrogatory not being answered, the plaintiff prayed to have it taken for confessed. Parole evidence was offered of demand made on the defendants, to which demand they made no objections.

There was judgment against the defendants, and they appealed, after an unsuccessful attempt to obtain a new trial.

*Brent* and *Winn*, for the plaintiff.

1. It was admitted in argument that the defendants were securities of Harkins, but this was only to repel the idea which seemed to be entertained that they were endorsers on the note sued on. They were securities of Harkins, but this securityship was a contract only between themselves. As regards the plaintiff in this case, they were all principal obligors, and as such bound equally to him, and *in solido*. The note is worded, " I promise to pay," and signed by Harkins, Cortes and Laplace. It is therefore a note *in solido*, and all who have signed are drawers and principal obligors, and bound *in solido*. 2 *Louisiana Reports*, 62.

2. The principle established, is, that in obligations *in solido* all the debtors are principal obligors as regards the creditor (*vis-a-vis du créancier*), no matter what private relations may exist between the debtors as among themselves. It would certainly be a new principle to impose different obligations on co-obligors bound *in solido*, and by the same contract. 1 *Pothier on Obligations*, *No.* 264.

Western Dist.
October, 1839.
───────────
Fort
vs.
Cortes and
Laplace.

3. This, then, was a note *in solido,* and the parties do not stand in the light of securities, so far as the creditor is concerned. Like all other obligors *in solido,* they are principal obligors, (*vis-a-vis du créancier,*) and were each singly and collectively bound to do every thing stipulated in the obligation. One was no more bound than the other, being all principal obligors; and it is at the option of plaintiff to proceed against any particular one, and let the others alone.

*Campbell, Carr* and *Pierson,* for the defendants, insisted that there was no demand of payment made at the place where the note was made payable, and the want of it is fatal to a recovery against the defendants:

2. Demand of payment at the place designated in the note, must be shown, and cannot be dispensed with ; it is a pre-requisite to a recovery. 3 *Martin, N. S.,* 423. 2 *Louisiana Reports,* 318. 10 *Ibid.,* 552. *Bailey on Bills,* 129.

*Morphy, J.,* delivered the opinion of the court.

The defendants are sued as security of William Harkins, the drawer of a promissory note in the words and figures following, to wit:

"Natchitoches, April 15th, 1836.

"On the first of October next, I promise to pay to the order of Mr. William Fort, four thousand eight hundred and sixty-two dollars, for value received, payable at the counting house of Messrs. Robbins & Painter, of New-York.

(Signed)          "William Harkins.
(Signed)          "Cortes & Laplace,
                                    "Security."

The judgment below was in favor of the plaintiff, and the defendants, Cortes & Laplace, after an unsuccessful attempt to obtain a new trial, have taken this appeal.

It is admitted that no demand has been made at the place appointed for payment in the body of the obligation. The plaintiff, to supply the want of such demand, has endeavored to prove that the maker, Harkins, had provided no funds at that place, by putting interrogatories to the defendants. They

have been asked whether, at the maturity of the note sued on, they had sufficient funds in the house of Robbins & Painter, of New-York, to pay the note. They made no answer; and, allowing the plaintiff the full benefit of the presumed confession that defendants had no funds to meet the payment in New-York, it will in no way help him, for it was incumbent on the drawer of the note, not on them, to provide the necessary funds; and nothing in the record establishes any failure or neglect of the drawer so to do. A witness was also produced to establish that payment was often demanded of the defendants, and that they never objected to the demand being made here. The same remark applies to this testimony: if a demand made here, without objection, could produce any waiver of the maker's rights, it must be a demand on him, not one made on the defendants. Throughout these proceedings, the latter appear to have been considered as principal obligors, while they are only the sureties of Harkins; and, as such, they can oppose to the plaintiff all the exceptions belonging to the principal debtor, and which are inherent to the debt. *Louisiana Code, article* 3029. If the plaintiff is without right of recovery against Harkins, for want of a demand àt the place appointed for payment, of which we entertain no doubt, he can have none, against the defendants. *Mellon* vs. *Croghan.* 3 *Martin, N. S.,* 423.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that there be judgment against plaintiff as in case of nonsuit, the plaintiff and appellee paying costs in both courts.

WESTERN DIST.
*October,* 1839.

FORT
*vs.*
CORTES AND
LAPLACE.

It is not sufficient to show that the sureties had no funds in the place of payment to meet the note at maturity, in order to charge them, for it was incumbent on the maker of the note, *not on them,* to provide funds at its maturity.

The sureties in a note may oppose to the action all the exceptions allowed to the maker, and which are inherent to the debt.