## BRISON STILLWELL *v.* WILLIAM BOBB.

Where a note is payable at a particular place, payment must be demanded there, before a recovery can be had.

APPEAL from the District Court of the First District, *Buchanan*, J.

GARLAND, J. The plaintiff, alleging himself to be the endorsee of a promissory note, sued one of the drawers, and obtained a judgment, from which the latter has appealed.

The evidence shows that the note was executed in the state of Mississippi, where all the parties are bound jointly and severally, although the obligation be only joint on its face according to our law. The rate of interest is shown to be eight per cent; and it is further shown that the note was made payable at the Commercial and Rail Road Bank at Vicksburg.

The defendant presents various defences, but it is only necessary to notice one. He says that the note is made payable at a particular place, and that there is no evidence it ever was presented at that place for payment, previous to the institution of the suit. We have examined the record in vain for evidence to prove a demand of payment at the bank in Vicksburg. The plaintiff's counsel insists that by the laws of Mississippi this demand is not necessary there, and that it should not be exacted here. We are not satisfied, from any thing we see in the record, that it is not necessary in Mississippi to enable a party to recover; and if it were shown to be a rule of evidence in that state, it would still be questionable whether it

would authorize us to disregard the settled jurisprudence of our own state, which is, that whenever a note is made payable at a particular place, payment must be demanded there before a reco·· very can be had on it.   3 Martin, N. S., 423.   14 La., 180.

The judgment of the District Court is therefore reversed, and ours is for the defendant as in case of non-suit, with costs in both courts.

*C. M. Jones,* for the plaintiff.

*Chinn,* for the defendant.